# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONIA VELAZQUEZ,<br>　　　　Plaintiff,<br><br>　　v.<br><br>PROGRESSIVE AMERICAN INSURANCE COMPANY,<br>　　　　Defendant. | CIVIL ACTION<br><br><br><br>NO. 19-3665 |

## MEMORANDUM

**Joyner, J.**　　　　　　　　　　　　　　　　**January 16, 2020**

Presently before the Court are Defendant's Motion to Dismiss, (Def. Motion to Dismiss, Doc. No. 3), and the Response, (Pl. Response, Doc. No. 4), thereto. For the reasons that follow, the Motion will be granted.

### Factual Background

This case concerns a dispute over underinsured motorist benefits. Plaintiff Sonia Velazquez alleges that she was involved in a serious automobile accident in Florida. (Def. Notice of Removal, Doc. No. 1, Pl. Compl., Ex. A ¶5.) Because the driver who caused the accident was underinsured, Plaintiff contends, Plaintiff is entitled to underinsured motorist benefits from Defendant Progressive American Insurance Company. (Id. ¶¶3, 5-6, 10, 15.) Accordingly, Plaintiff reports that she previously initiated a request for underinsured motorist benefits from Defendant. (Id. ¶11.) Plaintiff filed suit against

1

Defendant in the Philadelphia Court of Common Pleas in June 2019. (Doc. No. 1, Ex. A.) Defendant then removed the case to this Court. (Def. Notice of Removal, Doc. No. 1.)

In Count I of the Complaint, Plaintiff alleges that Plaintiff and Defendant disagree on how much Defendant owes to Plaintiff for underinsured motorist benefits. (Doc. No. 1, Ex. A, ¶13.) In Count II, Plaintiff contends that Defendant's conduct surrounding Plaintiff's request for underinsured motorist benefits amounts to bad faith under 42 Pa.C.S.A. § 8371, (id. ¶20), which provides remedies to insureds for bad faith by insurers, 42 Pa.C.S.A. § 8371. Plaintiff seeks judgment of at least $50,000, (id. ¶13), plus punitive damages, interest, court costs, and attorney fees under § 8371, (id. ¶¶14-21). Defendant moves to dismiss Count II under Fed. R. Civ. P. 12(b)(6). (Doc. No. 3 at 1; Def. Br. in Support of Motion to Dismiss, Doc. No. 3-1 at 9.)

## **Analysis**

### Jurisdiction

Subject matter jurisdiction in this case is proper under 28 U.S.C. § 1332(a)(1), as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). (See Doc. No. 1, ¶¶4-8; Doc. No. 1, Ex. A ¶¶1-2, 15.) We may exercise personal jurisdiction over Defendant because Defendant has litigated the merits of its

2

claim without contesting personal jurisdiction. See Richard v. U.S. Airways, Inc., 2011 WL 248446, at *1 (E.D. Pa. Jan. 26, 2011).

### Legal Standards Under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8(a)(2)

Under Fed. R. Civ. P. 12(b)(6), Courts should consider only "the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). See also Witasick v. Minnesota Mut. Life Ins. Co., 803 F.3d 184, 192 (3d Cir. 2015). To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual matter accepted as true "to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Importantly, Courts should disregard "legal conclusions and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." Ethypharm S.A. Fr. v. Abbott Laboratories, 707 F.3d 223, 231 n.14 (3d Cir. 2013). Courts are to take as true all of the factual allegations in the complaint and the reasonable inferences that can be drawn from those facts. Witasick, 803 F.3d at 192; Ethypharm, 707 F.3d at 225 n.1. Additionally, a Court may grant a Rule 12(b)(6) motion to

3

dismiss "if, 'accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief.'" Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).

Additionally, Fed. R. Civ. P. 8(a)(2) specifies that "[a] pleading that states a claim for relief must contain . . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a)(2). See also Rosh v. Gold Standard Café at Penn, Inc., 2016 WL 7375014, at *2 (E.D. Pa. Dec. 19, 2016).

Count II – Insurance Bad Faith Under 42 Pa.C.S.A. § 8371

Plaintiff asserts that Defendant, in processing Plaintiff's request for underinsured motorist benefits, acted in bad faith in violation of § 8371. (Doc. No. 1, Ex. A ¶20.) Defendant argues that Count II lacks sufficient factual allegations of insurance bad faith; alternatively, Defendant contends that because the underinsured motorist benefits policy is a Florida insurance policy, Pennsylvania's § 8371 is inapplicable here under choice of law principles. (Doc. No. 3-1 at 1, 3, 9.)

§ 8371 provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>     (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

4

>    (2) Award punitive damages against the insurer.
>    (3) Assess court costs and attorney fees against the insurer.

§ 8371. Courts define bad faith under § 8371 "as 'any frivolous or unfounded refusal to pay proceeds of a policy.'" Krantz v. Peerless Indem. Ins. Co., 2019 WL 1123150, at *3 (E.D. Pa. Mar. 12, 2019) (quoting Terletsky v. Prudential Property and Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). See also Kiessling v. State Farm Mut. Auto. Ins. Co., 2019 WL 634639, at *3 (E.D. Pa. Feb. 14, 2019); Eley v. State Farm Ins. Co., 2011 WL 294031, at *3 (E.D. Pa. Jan. 31, 2011). Courts use a two-part test to determine whether an insurer acted in bad faith under § 8371. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997). First, the insurance company must lack "a reasonable basis for denying benefits under the policy." Krantz, 2019 WL 1123150, at *3. See also Kiss v. State Farm Ins. Co., 2016 WL 2866540, at *2 (E.D. Pa. May 17, 2016); Eley, 2011 WL 294031, at *3. Second, the insurer must have either knowingly or "recklessly disregarded its lack of reasonable basis in denying the claim." Krantz, 2019 WL 1123150, at *3. See also Kiss, 2016 WL 2866540, at *2; Eley, 2011 WL 294031, at *3. Of course, a plaintiff asserting a bad faith action under § 8371 must go beyond merely pleading legal conclusions unsupported by facts. Krantz, 2019 WL 1123150, at

5

\*3; Kiessling v. State Farm Mut. Auto. Ins. Co., 2019 WL 634639, at \*3 (E.D. Pa. Feb. 14, 2019).

For instance, in Kiessling, the plaintiffs argued that the defendant acted in bad faith because the defendant allegedly neglected to "(1) negotiate Plaintiffs' underinsured claim; (2) properly investigate and evaluate Plaintiffs' underinsured claim; and (3) request a defense medical examination of the Plaintiffs." Kiessling, 2019 WL 634639, at \*2. Holding that the plaintiffs' bad faith claim was devoid of sufficient factual support, the Court dismissed the plaintiffs' complaint. Id. at \*4-5. Additionally, in Eley, the Court rejected the plaintiff's claim for bad faith arising from, among other purported deficiencies, "[s]uch other acts to be shown through discovery," Eley, 2011 WL 294031, at \*4, because the complaint lacked sufficient factual support, id.

Here, like the plaintiff in Kiessling, Plaintiff proclaims bad faith on the basis of Defendant's alleged "(a) failure to negotiate plaintiff's underinsured motorist claim; (b) failure to properly investigate and evaluate plaintiff's underinsured motorist claim; [and] (c) failure to request a defense medical examination of the plaintiff . . . ." (Doc. No. 1, Ex. A ¶18). See also Kiessling, 2019 WL 634639, at \*3-5. Additionally, like the plaintiff in Eley, Plaintiff pleads bad faith stemming from "such other acts to be shown through discovery." (Doc. No. 1,

6

Ex. A ¶18.) See also Eley, 2011 WL 294031, at *4. Plaintiff's allegations are analogous to the bad faith allegations that the Court struck in Kiessling and Eley and, likewise, are merely legal conclusions bereft of factual support. See also Krantz, 2019 WL 1123150, at *3; Kiss, 2016 WL 2866540, at *2. Thus, Plaintiff's bad faith claim likewise falls.

Because Plaintiff would not be able to make out a claim even if § 8371 was indisputably applicable here under choice of law principles, we need not address whether choice of law principles counsel applying § 8371. Further, Plaintiff has not plead an alternative claim of bad faith under Florida law. Thus, we grant Defendant's Motion to Dismiss Count II for failure to state a claim.

## Conclusion

We grant Defendant's Motion to Dismiss regarding Count II. An appropriate Order follows.